# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANTHONY EUGENE THOMAS, et al.,**)
)
      **Plaintiffs,**)
) CIVIL ACTION
v. )
) Case No. 08-2513-CM
**CITY OF OVERLAND PARK, KANSAS,**)
**et al.,** )
)
      **Defendants.** )
)

## MEMORANDUM AND ORDER

This case is before the court on plaintiffs' Motion to Dismiss Without Prejudice (Doc. 36). Ginger Pace, who filed the motion, acts as special friend for the Estate of Anthony Eugene Thomas and special friend for S. Doe and S.H. Doe, minors. Plaintiffs' attorney withdrew from representation, and James M. Crabtree entered an appearance on plaintiffs' behalf for the limited purpose of moving to dismiss the case without prejudice. Plaintiffs state that they have been diligently searching for counsel in this action, but have been unable to secure representation. They ask for the court to dismiss the case without prejudice so that they may continue to seek representation and potentially refile the case.

Defendants do not oppose dismissal of the case, but ask the court to specify that the dismissal be with prejudice. Defendants cite the efforts that they have made in complying with scheduling and discovery deadlines in this case. They also point out plaintiffs' lack of participation in the case, including the failure to produce any discovery or respond to discovery requests. Defendants argue that they have been prejudiced by having to participate in the case while plaintiffs have failed to meet any deadlines. They state that plaintiffs' actions have interfered with judicial process because the case—which was filed fifteen months ago—is no closer to trial than it was when plaintiffs filed

it. Defendants claim that plaintiffs are responsible for the delays and represent that Judge Waxse warned plaintiffs that the case would be dismissed if they did not engage counsel. Defendants conclude that lesser sanctions would not be appropriate or serve the ends of justice.

Defendants' arguments follow the factors that the court should consider when deciding whether to dismiss a case with prejudice. *See AdvantEdge Business Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (listing factors: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions") (citations and quotation marks omitted).

The court determines that dismissing plaintiffs' case with prejudice as a sanction is not appropriate here. With respect to the first factor, the court agrees that defendants have suffered some prejudice by participating in the case thus far. But although the case has been on file since October 2008, the parties did not have their first planning meeting until June 29, 2009. The court held its first scheduling conference on August 17, 2009. It was at that time that plaintiffs' counsel advised the court that he intended to withdraw as counsel. The court allowed counsel to withdraw on September 14, 2009. Judge Waxse then held two telephone conferences with the parties in late September. On October 1, 2009, Judge Waxse granted plaintiffs until October 30 to obtain new counsel. On October 30, he extended the deadline to November 30 without objection by defendants. On December 1, he again extended the deadline to December 21 without objection by defendants. Plaintiffs moved to dismiss the case without prejudice on January 4, 2010. While the case has essentially been stayed since August 2009, the court determines that defendants have not been

significantly prejudiced by plaintiffs' actions.

The court next turns to the second factor. Judge Waxse has had to schedule, move, and conduct a number of conferences in this case to resolve the complications caused by plaintiffs' counsel's desire to withdraw. Ideally, the case would have proceeded at a faster pace. But considering the situation, the court determines that the interference with judicial process was minimal.

Third, the court determines that plaintiffs are largely responsible—but not culpable—for the delays in this case. While the delays have occurred primarily because of plaintiffs' situation, there is nothing in the record to suggest that plaintiffs have deliberately interfered with the procession of their case. To the contrary, they appear to have made earnest attempts to obtain substitute counsel.

Fourth, the court is unaware of whether Judge Waxse warned plaintiffs that the case could be dismissed during one of the parties' telephone conferences. He did mention the possibility of dismissal in his order dated September 17, 2009. This warning alone, however, is insufficient to outweigh the other factors for dismissal with prejudice.

Finally, the court does not believe that any sanction—even a lesser sanction—is warranted in this case. Plaintiffs seek to voluntarily dismiss the case without prejudice. While this case has been pending for some time, the court does not find that plaintiffs' conduct merits dismissal with prejudice. The court understands that defendants seek finality, but the court cannot grant their request under the facts in this case.

Defendants ask the court to order that, upon dismissal, Judge Waxse's order dated September 29, 2009 is no longer in effect. Judge Waxse's order required defense counsel to provide a "defense file" to any prospective attorney for plaintiffs so long as the attorney agreed to be bound by the terms of the protective order entered in this case on August 19, 2009. Because the court is

dismissing the case, it is no longer appropriate to require defense counsel to provide the "defense file" to prospective attorneys.  The court is not retaining jurisdiction over the case, and accordingly orders that defense counsel is no longer bound to provide the "defense file" as provided in Judge Waxse's September 29, 2009 order.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Dismiss without Prejudice (Doc. 36) is granted.

Dated this 9th day of February 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**